## IN THE COURT OF APPEALS OF IOWA

No. 15-1480
Filed May 25, 2016

**J.S., Individually and by his parents**
**ROBERT SMITH and REGINA SMITH,**
        Plaintiffs-Appellants,

**vs.**

**MARSHALLTOWN COMMUNITY SCHOOL DISTRICT,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Marshall County, Michael J. Moon,

Judge.


        A former student and his parents appeal the district court's order

concluding the student's discipline by his school did not violate his free speech

rights.  **APPEAL DISMISSED.**


        Michael Marquess of Hinshaw, Danielson & Marquess, P.C.,

Marshalltown, for appellants.

        Janice M. Thomas and Mitchell G. Nass, of Bradshaw, Fowler, Proctor

& Fairgrave, P.C., and Joel T.S. Greer and Sharon Soorholtz Greer, of

Cartwright, Druker & Ryden, Marshalltown, for appellee.


        Heard by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

In May 2014, when J.S. was finishing his junior year at Marshalltown High School (MHS), MHS administrators suspended J.S. from participating in three athletic events for violating Marshalltown Community School District's (MCSD) "Good Conduct Policy." After J.S.'s suspension was upheld following administrative appeals, J.S. and his parents filed suit against MCSD seeking, among other things, a declaratory judgment finding MCSD had improperly disciplined him for his speech in violation of the Iowa Constitution and Iowa Code section 280.22 (2013). By this time, J.S. was starting his senior year and applying to colleges. J.S. acknowledged he had already served his suspension but asserted the school's "unconstitutional actions caused him to unduly suffer a blight upon his official school record," potentially interfering with his participation in other school activities and his ability to obtain college admission and scholarships. He requested the court require MCSD remove any information concerning his alleged violation from its records.

The matter proceeded to trial in July 2015, after J.S. had graduated from MHS. J.S. testified he graduated in good standing as a member of the National Honor Society with a 3.7 grade point average. He had applied to the colleges of his choice and was accepted, and he was offered an academic scholarship. MCSD administrators testified the records involved in J.S.'s disciplinary proceedings were confidential and not part of any permanent school records that could be disclosed. Ultimately, the district court entered its order finding the MCSD administrators had acted appropriately and did not restrict J.S.'s right of free speech, and the court dismissed the petition. J.S. and his parents appeal.

"Courts exist to decide cases, not academic questions of law." *Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015). We "will generally decline to hear a case when, because of changed circumstances, the court's decision will no longer matter," i.e., that our opinion would not have any force and effect with regard to the underlying controversy. *Id.*; *see also Clarke Cty. Reservoir Comm'n v. Robins*, 862 N.W.2d 166, 173 (Iowa 2015) ("Mootness is not a question of power but rather one of restraint."). "It is our duty on our own motion to refrain from determining moot questions." *Homan*, 864 N.W.2d at 328 (citation omitted). Here, at the time of trial, J.S. had already served his suspension, had graduated "with the full trappings of a National Honor Society member," and was accepted by and received an academic scholarship from the university of his choice, and there is no evidence there is any permanent record maintained by MCSD that would disclose he was disciplined in 2014. Thus, the underlying controversy no longer exists and is therefore moot. *See id.*

Nevertheless, an exception to the mootness rule exists, allowing courts to consider moot issues if the issues are "matters of public importance" that are "likely to recur." *Id.* at 330 (citation omitted). In determining whether we should review a moot-but-likely-to-persist issue of "public importance," we consider the following four factors: "(1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review." *Id.* (citation omitted). Obviously, a school's restriction of a student's speech is an important issue. *See, e.g.*, *Morse v. Frederick*, 551 U.S. 393, 410 (2007) (holding that the First Amendment

did not require a school's principal to tolerate at a school's event a student's banner bearing the phrase "BONG HiTS 4 JESUS" because it was reasonable for the principal "to conclude the banner promoted illegal drug use—in violation of established school policy"); *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 276 (1988) (holding that a principal did not infringe students' First Amendment rights by censoring articles in a high school newspaper); *Bethel Sch. Dist. No. 403 v. Fraser*, 478 U.S. 675, 686 (1986) (holding that the First Amendment did not guarantee a student's right to deliver a sexually explicit speech at an assembly); *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 507, 513 (1969) (establishing that, "where students in the exercise of First Amendment rights collide with the rules of the school authorities," students' free speech rights may not be suppressed unless school officials reasonably conclude that it will "materially and substantially disrupt the work and discipline of the school"); *Bell v. Itawamba Cty. Sch. Bd.*, 799 F.3d 379, 383 (5th Cir. 2015) (holding student's First Amendment right to free speech was not violated when the school disciplined him after he posted his rap recording, which threatened two of his teachers, to his public Facebook profile page and later to YouTube); *Lange v. Diercks*, No. 11-0191, 2011 WL 5515152, at *1-12 (Iowa Ct. App. Nov. 9, 2011) (interpreting Iowa's Student Free Expression Law codified at Iowa Code section 280.22 and finding school improperly reprimanded journalism teacher for allowing students to publish what the administration viewed as inappropriate articles because the articles' "content at issue did not fit within the narrow categories of expression prohibited by section 280.22(2)"). However, we do not find there is a likelihood of the recurrence of the unique issues of this case, or,

should the unlikely events again arise, that the issues would evade appellate review.  Consequently, we decline to find that an exception exists to justify our hearing an otherwise moot case.  *See Palo v. Iowa Bd. of Regents*, No. 14-1540, 2015 WL 4233055, at *3-4 (Iowa Ct. App. July 9, 2015).  Accordingly, we dismiss the appeal.

**APPEAL DISMISSED.**